IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STATE OF OKLAHOMA, ex rel., )
JOHN D. DOAK, INSURANCE )
COMMISSIONER, AS RECEIVER )
FOR DRIVER'S INSURANCE )
COMPANY, )
             )
    Plaintiff, )
             )
v. ) No. CIV-16-224-C
             )
EISNERAMPER LLP, successor to )
AMPER, POLITZNER & MATTIA, )
LLP, )
             )
    Defendant. )

MEMORANDUM OPINION AND ORDER

In 2013, the Oklahoma Insurance Commissioner placed Driver's Insurance Company into receivership after finding that it had violated Oklahoma law. The Commissioner now seeks to recover from Defendant on a theory that it failed to meet the required standards of its profession during its audits of Driver's 2009-2010 financial statements. Arguing that Plaintiff's claims fail to state a claim for relief, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant also seeks to strike certain of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(f).

*A. In Pari Delicto*

Defendant's first attack on Plaintiff's Complaint argues that the claims are barred by the *in Pari Delicto* doctrine. Defendant argues that because the Commissioner has previously found that Driver's engaged in illegal acts in 2008 and 2009 he cannot now seek

to recover for those claims against Defendant. However, as Plaintiff correctly notes, 36 Okla. Stat. § 1924.1(E) bars the defense of *in Pari Delicto*. In pertinent part, that statute states:

> No prior wrongful or negligent actions of any present or former officer, manager, director, trustee, owner, employee or agent of the insurer may be asserted as a defense to a claim by the receiver under a theory of estoppel, comparative fault, intervening cause, proximate cause, reliance, mitigation of damages or otherwise; except that the affirmative defense of fraud in the inducement may be asserted against the receiver in a claim based on a contract and a principal under a surety bond or a surety undertaking shall be entitled to credit against any reimbursement obligation to the receiver for the value of any property pledged to secure the reimbursement obligation to the extent that the receiver has possession or control of the property or the insurer or its agents misappropriated such property. Evidence of fraud in the inducement will be admissible only if it is contained in the records of the insurer.

The *in Pari Delicto* doctrine hinges on a prior wrongful or negligent action. See Bowlan v. Lunsford, 1936 OK 158, ¶¶ 13-14, 54 P.2d 666, 668-69.

> [W]here parties to an immoral or illegal transaction are in pari delicto with each other, each is estopped, as to the other, to take advantage of his own moral turpitude, illegal act, or criminal conduct for purposes of recovering damages for injury sustained as a consequence of their joint wrong. . . . And as between parties in pari delicto the law will aid neither, but will leave them as it finds them.

Section 1924.1(E) bars asserting this doctrine as a defense to a claim by the receiver. Thus, Defendant's reliance on the *in Pari Delicto* doctrine is superceded by statute and the Motion to Dismiss on that ground will be denied.

B. Causation

Defendant next challenges the ability of Plaintiff to demonstrate causation. Defendant argues that the documents relevant in this case demonstrate that Driver's insolvency was a

result of unfavorable economic developments in 2011 and 2012, as opposed to any deficiency in Defendant's audit of the 2009 and 2010 financial statements. Defendant directs the Court to several of the documents underlying the Commissioner's review of Driver's during the relevant time period and argues that these Orders make clear that the ultimate failure of Driver's Insurance Company was a result of unfavorable economic conditions and poor management, rather than a faulty audit.

Whether or not Defendant's arguments will ultimately prevail, they are improper at this stage of the proceedings. To apply Defendant's arguments would require the Court to undertake a factual determination and reach conclusions based on disputed material facts regarding the underlying reasons for Driver's Insurance Company's failure. Of course at this stage, the Court is not permitted to undertake that task; rather, the Court should only examine the allegations of Plaintiff's Complaint and determine if those, when taken as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007). The allegations of Plaintiff's Complaint on the issue of causation satisfy this standard. Because Defendant's arguments to the contrary require an assessment of factual support, the Motion will be denied.

C. Statute of Limitations

Defendant argues that Plaintiff's claims as to the 2009 audit are subject to dismissal on the basis that they are time barred. According to Defendant, these claims accrued no later than June 25, 2010, as that is the date that Defendant issued its opinion on Driver's 2009 financial statements. According to Defendant, by outlining the deficiencies and material

weaknesses, it placed Driver's on notice of any potential accounting problem or financial distress and triggered the running of the statute of limitations. In response, Plaintiff argues that March 7, 2011, is the trigger date. Plaintiff argues that it was not until the Oklahoma Insurance Department conducted a multi-state full scope biennial examination of Driver's Insurance Company for the period of January 1, 2008, through December 31, 2009, that the issues regarding Driver's reserve and accounting processes were identified. Thus, Plaintiff argues, it was not until discovery of those issues that awareness that a claim against Defendant existed or should have been known.

In support of its position, Plaintiff relies upon Oklahoma's discovery rule. Oklahoma applies a doctrine known as the discovery rule in determining when a statute of limitations begins to run. Under that doctrine, the statute of limitations does not begin to run until the "acquisition of sufficient information which, if pursued, would lead to the true condition of things." Daugherty v. Farmer's Co-op. Ass'n, 1984 OK 72, ¶ 12, 689 P.2d 947, 951. Here, the parties are in dispute about which facts were sufficient to have placed Plaintiff on notice that his claims had accrued. Thus, the statute of limitations is not amenable to resolution at this stage. The Oklahoma Supreme Court has held that where evidence regarding application of the discovery rule is conflicting, the question of when the plaintiff knew or should have known was a question of fact for the jury to decide. See Digital Design Grp., Inc. v. Info. Builders, Inc., 2001 OK 21, ¶ 27, 24 P.3d 834, 842. Therefore, Defendant's Motion to Dismiss based on the statute of limitations will be denied.

D. Redundant Claims

Defendant argues that Plaintiff's claims for breach of contract and negligent misrepresentation must be dismissed as they are redundant to the professional negligence claim. According to Defendant, regardless of the label applied to these actions by Plaintiff they are nothing more than claims of professional negligence. Defendant argues that Plaintiff's Amended Complaint essentially restates his professional negligence allegations in the breach of contract claim and the negligent misrepresentation claim. Relying on <u>Great Plains Federal Savings & Loan Association v. Dabney</u>, 1993 OK 4, 846 P.2d 1088, Plaintiff argues that his breach of contract and negligent misrepresentation claim should not be dismissed as redundant because he is permitted to plead in the alternative. However, Plaintiff's reliance quotes only from the concurring opinion in that case.

The validity of Plaintiff pleading alternate theories in this matter is controlled by <u>Seanor v. Browne</u>, 1932 OK 61, 7 P2d 627. There, the court held that a malpractice action against a professional sounds only in tort unless "the parties spelled out the performance promised by defendant and defendant commits to the performance without reference to and irrespective of any general standard." <u>Great Plains</u>, 1993 OK 4, ¶ 7, 846 P.2d 1088, 1092. Here, Plaintiff has made no allegations that a contract existed between Driver's and Defendant which set forth a standard of care greater than the general standard. Thus, Plaintiff's claim for breach of contract must be dismissed. Consequently, Plaintiff is limited to a claim for professional negligence. See <u>Seanor</u>, 1932 OK 61, ¶ 18, 7 P.2d at 630.

The same issue bars Plaintiff's claims for negligent misrepresentation. There are no allegations of any misrepresentation distinct from the alleged malpractice. Therefore, Plaintiff's claims for breach of contract and negligent misrepresentation will be dismissed.

E.  Jury Trial

Defendant next argues that Plaintiff's request for jury trial should be stricken as to the 2010 audit because the engagement letter provided that Driver's knowingly, voluntarily, and intentionally waived its right to jury trial. In response, Plaintiff argues that Driver's did not waive the right to jury trial for the 2009 audit and that there is no way to know whether or not its waiver contained in 2010's engagement letter was knowing and voluntary. As Defendant notes, the Tenth Circuit has not yet held that the party seeking to enforce a waiver has the burden of proving the waiver. See Hulsey v. West, 966 F.2d 579, 581 (10th Cir. 1992). While waiver of the right to a jury trial is a significant matter, here the evidence supports Defendant's argument that the right to a jury trial was waived as to the 2010 audit. Therefore, Plaintiff's claims under the 2010 audit will be tried to the Court, rather than the jury.

F.  Punitive Damages/Attorneys' Fees

Finally, Defendant seeks to strike Plaintiff's claim for punitive damages and/or attorney's fees. After consideration of the allegations in the Complaint, the Court finds that the time is not yet ripe to reach a final determination on the viability of either of these claims. Therefore, Defendant's Motion to Strike pursuant to Fed. R. Civ. P. 12(f) will be denied.

## **CONCLUSION**

For the reasons set forth herein, Defendant's Motion to Dismiss and Strike Plaintiff's Amended Complaint (Dkt. No. 22) is GRANTED IN PART and DENIED IN PART. Plaintiff's claims for breach of contract, negligent misrepresentation and the jury demand for the 2010 audit are dismissed with prejudice. All other portions of Defendant's Motion are denied.

IT IS SO ORDERED this 21st day of July, 2016.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge